01

02

03

04

05

06                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
07                                   AT SEATTLE

08 RONALD SCOTT JOHNSON,                    )    CASE NO. C06-1776 MAT
                                            )
09          Plaintiff,                      )
                                            )
10     v.                                   )    ORDER RE: SOCIAL SECURITY
                                            )    DISABILITY APPEAL
11 MICHAEL J. ASTRUE,                       )
   Commissioner of Social Security,         )
12                                          )
            Defendant.                      )
13 _____ )

14          Plaintiff Ronald Scott Johnson proceeds through counsel in his appeal of a final decision

15 of the Commissioner of the Social Security Administration (Commissioner).  The Commissioner

16 denied plaintiff's applications for Social Security Disability Insurance (DI) benefits and

17 Supplemental Security Income (SSI) disability benefits after a hearing before an Administrative

18 Law Judge (ALJ).  Having considered the ALJ's decision, the administrative record (AR), and all

19 memoranda of record, the decision is REMANDED for further administrative proceedings

20 consistent with this Order.

21 / / /

22 / / /

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL
PAGE -1

01

## FACTS AND PROCEDURAL HISTORY

02      Plaintiff was born on XXXX, 1961.[1]  He has a high school education. Plaintiff's past

03  relevant work was as an asphalt truck driver and logger.

04      Plaintiff applied for DI and SSI benefits on April 18, 2003. His application was denied at

05  the initial level and on reconsideration, and he timely requested a hearing, which was held on April

06  20, 2006. (AR 309-36.)  A decision was issued on June 23, 2006 finding plaintiff not disabled.

07  (AR 12-20.)

08      Plaintiff timely appealed to the Appeals Council, which denied the request for review,

09  making the ALJ's decision the final decision of the Commissioner. (AR 4-6.) Plaintiff timely

10  appealed to this Court.

11

## JURISDICTION

12      The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

13

## DISCUSSION

14      The Commissioner follows a five-step sequential evaluation process for determining

15  whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must

16  be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not

17  engaged in substantial gainful activity since his alleged onset date.  At step two, it must be

18  determined whether a claimant suffers from a severe impairment.  The ALJ found plaintiff to have

19  severe impairments consisting of degenerative disc disease, chronic liver disease, and hepatitis C.

20  _____

21      [1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the
General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the
22  official policy on privacy adopted by the Judicial Conference of the United States.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL
PAGE -2

01   Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ

02  found that plaintiff's impairments did not meet or equal the criteria for any impairment included

03  in the "Listing of Impairments".  If a claimant's impairments do not meet or equal a listing, the

04  Commissioner must assess residual functional capacity (RFC) and determine at step four whether

05  the claimant has demonstrated an inability to perform past relevant work.  The ALJ found plaintiff

06  had the RFC to lift and carry up to 20 pounds occasionally and 10 pounds frequently, to sit, stand,

07  and/or walk for 6 hours in an 8-hour workday with an option to sit or stand when performing the

08  job, with an unlimited ability to push/pull the above amounts. The plaintiff was able to climb ramps

09  and stairs occasionally, to balance, stoop, kneel, crouch, and crawl occasionally, as well as to

10  perform fine manipulation on an occasional basis, and was not limited in reaching in all directions

11  or handling, but must avoid exposure to vibration.  With this functional capacity, the ALJ

12  concluded that plaintiff could not perform his past relevant work as an asphalt truck driver or

13  logger.   If a claimant demonstrates an inability to perform past relevant work, the burden shifts

14  to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an

15  adjustment to work that exists in significant levels in the national economy. The ALJ found that

16  plaintiff was capable of performing a significant number of jobs in the national economy, including

17  the job of cashier.  Therefore, plaintiff was found to be not disabled.

18       This Court's review of the ALJ's decision is limited to whether the decision is in

19  accordance with the law and the findings supported by substantial evidence in the record as a

20  whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more

21  than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

22  mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL
PAGE -3

01 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's

02 decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

03 2002).

04        Plaintiff argues that the ALJ did not properly assess his credibility, gave insufficient weight

05 to the results of a performance-based physical capacity evaluation and the attending physician's

06 opinion in that regard, improperly determined that he was capable of performing light work, and

07 erred in finding that certain non-exertional limitations did not significantly erode plaintiff's

08 occupational base. The Commissioner responds that the ALJ's decision was supported by

09 substantial evidence, was free of legal error, and should be affirmed.

10        For the reasons set forth below, the decision is remanded for further administrative

11 proceedings as described herein.

12 Credibility Assessment

13        Plaintiff argues that the ALJ failed to provide clear and convincing reasons for rejecting

14 his testimony about his ability to work more than four hours per day.

15        The ALJ discussed plaintiff's testimony about his limitations as follows:

16     The claimant testified that he could not work due to constant headaches that
interfered with his thinking, as well as problems with his low back, which felt

17     sometimes like a knife sticking in his back. He testified that it was aggravated by
sitting, cutting firewood, or long drives. The claimant claimed that his legs and hands

18     did not work sometimes and also complained of neck pain.

19     As noted above, Dr. Quint questioned the claimant's effort on examination, and Mr.
Crowley suspected symptom magnification. These suspicions, especially the fact that

20     two providers suspected this, sheds great doubt on the claimant's credibility.

21     I also find that the claimant's activities show that he is more active than he alleges.
For example, the claimant told Dr Quint in September of 2003 that he fished, hunted,

22     and worked in the garden. He said he did these activities for food, implying that he

01   performed them regularly.  In September of 2004, the claimant reported that he used
     a riding lawn mower for approximately 30 minutes each week, although he claimed
02   that it disturbed his back and neck.  He also reported grocery shopping, even in large
     stores, pushing a cart.  He reported carrying bags lifting as much as 20 pounds, but
03   not lifting them above waist level.  The claimant also reported that he had a horse,
     which he infrequently rode.  He testified that he cut firewood.  I find that, despite the
04   claimant's stating that these activities aggravated his back condition or that he was
     only able to do them infrequently, the very fact that he attempts them at all shows that
05   his functioning is not impaired to the degree he alleges.

06   I therefore find that, while the claimant might believe himself to be too impaired by
     his symptoms to perform work related activities, the evidence shows that, despite his
07   impairments, the claimant is able to function at a level that would allow him to
     perform work related activities.  Accordingly, I find that the claimant's assertions
08   regarding the degree his impairments limit his functioning cannot be fully credited.
     (AR 15-16, internal citations to record omitted.)

09
         In making a finding about the credibility of a claimant's reported symptoms, the ALJ need
10
     not totally accept or totally reject the individual's statements.  Based on a consideration of all of
11
     the evidence in the case record, the ALJ may find "all, only some, or none" of a claimant's
12
     allegations to be credible.  Social Security Ruling (SSR) 96-7p (available at 1996 WL 374186 at
13
     *4).  In this case, the ALJ did not reject plaintiff's testimony entirely, but found that his statements
14
     "regarding the degree his impairments limit his functioning" could not be fully credited.  (AR 16.)
15
     The ALJ found that plaintiff did have severe impairments that affected his ability to perform work-
16
     related functioning, and set forth specific functional limitations based on "the entire record,
17
     including the claimant's allegations of disabling symptoms and limitations, and the extent to which
18
     these allegations are consistent with the objective medical evidence and other evidence." *Id.*
19
         In considering a claimant's testimony, the ALJ may utilize "ordinary techniques of
20
     credibility evaluation".  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) .  The ALJ "is
21
     entitled to draw inferences logically flowing from the evidence." *Sample v. Schweiker*, 694 F.2d
22

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL
PAGE -5

01  639, 642 (9th Cir. 1982).  The consistency of a claimant's statements, both internally and with

02  other information in the case record,  is considered a "strong" indication of his or her credibility.

03  SSR 96-7p (available at 1996 WL 374186 *5). A claimant's subjective complaints may be

04  discredited based on inconsistencies between his complaints and his daily activities, and failure to

05  give maximum or consistent effort during a physical capacity evaluation can also be a strong

06  indication of lack of credibility. *Thomas*, 278 F.3d at 959 .  If the ALJ's credibility finding is

07  supported by substantial evidence, we will not engage in second-guessing. *Id.*

08        The Commissioner argues that the ALJ provided clear and convincing reasons supported

09  by substantial evidence for finding plaintiff's allegations regarding his limitations not entirely

10  credible.  Such evidence, the Commissioner points out, includes the fact that Dr. Quint took note

11  of plaintiff's poor effort on examination and the physical therapist's suspicion of symptom

12  magnification.  The Commissioner also cites the ALJ's discussion of plaintiff's self-report of his

13  exertional capacity in the September 2004 performance-based physical capacities evaluation in

14  which plaintiff, *inter alia*, reported the ability to lift grocery bags weighing as much as 20 pounds.

15        However, plaintiff correctly points out that the ALJ misread the physical capacity report.

16  Instead of reporting his ability to carry a grocery bag weighing 20 pounds, plaintiff reported his

17  ability to carry a grocery bag "approximately 20' ", or, in other words, 20    feet. (AR 204.)

18  Harmless error can be found if it is clear from the record that an ALJ's error was "inconsequential

19  to the ultimate nondisability determination".  *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th

20  Cir. 2006.) Although the ALJ cited other reasons for not finding plaintiff's testimony completely

21  credible, the misconstrued comment by plaintiff about his lifting abilities was a central component,

22  and cannot be said to be harmless.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL
PAGE -6

01    This is not a case where the Court should apply the "crediting as true" theory and credit

02  plaintiff's testimony as a matter of law. *See Connett v. Barnhart*, 340 F.3d 871, 876 (9th  Cir.

03  2003) (courts retain flexibility in applying the "crediting as true" doctrine).  The ALJ cited other

04  potentially legally sufficient reasons, supported by substantial evidence in the record, that could

05  support a finding that plaintiff's testimony was not entirely credible.  As such, the ALJ should re-

06  assess plaintiff's credibility on remand, providing references to the administrative record that

07  support the conclusions.

08                                    Physical Capacity Evaluation

09    Plaintiff challenges the ALJ's failure to give more than little weight to the Performance-

10  based Physical Capacities Evaluation" ("PCE") conducted on September 14, 2004 by Northwest

11  Physical Therapy Sports Rehabilitation Center, Inc., P.S. (AR 204-217), or to the opinion of

12  treating physician Dr. Benz, who initially assessed plaintiff with a greater physical capacity, then

13  later lowered her assessment after being informed by plaintiff of the results of the PCE.  (AR 279.)

14    In assessing plaintiff's functional capacity, the ALJ referenced the PCE:

15    My assessment differs from the physical capacity examination performed on
    September 14, 2004 by physical therapist Dan Crowley.  I have considered this
16    opinion but give it little weight because the therapist suspected symptom
    magnification on the claimant's part.  I might give the claimant the benefit of the
17    doubt if this were the only suspicion regarding his performance, but it is not. As noted
    above, Dr. Quint felt that the claimant had given poor effort when he tested him,
18    which tends to confirm Mr. Crowley's suspicious and sheds doubt on his conclusions,
    as his evaluation was based on large part on the claimant's effort.  I also note that the
19    claimant told Mr. Crowley that he could lift as much as 25 pounds, and said that he
    regularly lifted 20-pound grocery bags.  Yet on examination, the claimant was found
20    only capable of lifting 10 pounds on an occasional basis.  I also note that the
    claimant's gait differed during the visit with Dr. Quint, implying that the claimant
21    functions differently when he feels his functioning is evaluated.

22    My assessment is consistent with that of Dr. Quint.  I give great weight to this opinion

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL
PAGE -7

01    because the doctor both examined and tested the claimant's functional abilities.

02    My assessment is also supported by the opinion of Dr. Benz, who consistently found
      that the claimant was able to lift 25 pounds occasionally, 15 pounds frequently, with
03    no repetitive or prolonged bending, stooping, kneeling, squatting, climbing or
      prolonged walking, standing, or sitting.  She changed that assessment after the
04    physical capacity examination performed by Mr. Crowley, but I give little weight to
      that assessment, as discussed above.  I find that Dr. Benz's assessment, based on her
05    observation of the claimant over time, clinical examination, and objective imaging,
      was more [sic] a more accurate assessment of the claimant's functioning.

06
      My residual functional capacity assessment is supported by the conclusions of the
07    state agency medical consultants with Disability Determination Services (DDS), who
      reviewed the record in connection with the initial and the reconsideration
08    determinations below and concluded that the claimant was not disabled.  Findings of
      fact made by state agency medical and psychological consults are considered expert
09    opinion evidence from non-examining sources.

10    (AR 16-17, citations and internal citations to record omitted.)

11        The ALJ is responsible for determining credibility and resolving conflicts in the medical

12    testimony.  *Magallanes*, 881 F.2d at 750 (citing *Allen v. Heckler* , 749 F.2d 577, 579 (9th Cir.

13    1984)).  The ALJ may reject the opinion of a treating physician whether or not that opinion is

14    contradicted.  *Id.* at 751.  Where not contradicted by another physician, a treating or examining

15    physician's opinion may be rejected  for "'clear and convincing'" reasons.  *Lester v. Chater*, 81

16    F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).

17    Where contradicted, a treating or examining physician's opinion may be rejected if  "'specific and

18    legitimate reasons' supported by substantial evidence in the record for so doing" are provided.

19    *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

20        Plaintiff points to other portions of the medical records that he contends are supportive of

21    his argument that greater weight should have been given to the PCE, as well as Dr. Benz's

22

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL
PAGE -8

01  agreement with it.[2]  Plaintiff admits that Mr. Crowley did question the appropriateness of his pain

02  behavior, but notes that Mr. Crowley also selected some of the positive comments in the check-

03  the-box portion of the form and declined to check some of the negative comments. (AR 209.)

04  Plaintiff points to an earlier evaluation by Dr. Quint and several examinations by other treatment

05  providers showing decreased sensation in plaintiff's lower extremities.

06        Plaintiff essentially invites this Court to re-weigh the evidence.  However, it is not the

07  function of the reviewing court to determine  *de novo*  whether the social security claimant is

08  disabled.  *Parker v. Harris* , 626 F.2d 225, 231 (9th Cir. 1980). The ALJ provided other, legally

09  sufficient reasons for giving more weight to the opinion of Dr. Quint than to Mr. Crowley's PFC,

10  as well as Dr. Benz' suggested agreement with it.  However, again, because the ALJ did make

11  reference to plaintiff's misinterpreted practice of lifting 20 pound grocery bags (AR 17), on remand,

12  the ALJ should clarify the relative importance given to this factor in weighing the September 2004

13  PCE.

14                    <u>Plaintiff's Ability to Work</u>

15        Plaintiff sets forth as a separate assignment of error the contention that the ALJ erred in

16  finding him able to work more than four hours a day.  In support of that contention, plaintiff cites

17  SSR 96-8p, which defines "regular and continuous" work as eight hours a day for five days a week.

18  SSR 96-8p (available at 1996 WL 374184).  Plaintiff contends that the ALJ failed to consider his

19  _____

20        [2] A careful reading of Dr. Benz' chart note draws into question the interpretation that Dr.
    Benz was affirmatively adopting the PCE evaluation as her own findings.  Rather, it appears that
21  she was simply noting the results of the PCE as related to her by the plaintiff.  (AR 270 ("Mr.
    Johnson returns stating that he underwent his PCE evaluation last mo.  <u>It was felt</u> that he could
22  not work more than a 4hr workday...Mr. Johnson remains on light duty <u>and per the PCE</u>, can lift
    10# occasionally and 5# frequently.") (emphasis added).)

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL
PAGE -9

01  inability to perform work activities on a regular and continuing basis as a result of his persistent and

02  continuing pain due to his medical conditions.

03      Although phrased as a separate assignment of error, this argument is essentially a re-

04  statement of plaintiff's contention that the ALJ failed to properly assess his credibility.  The ALJ's

05  reassessment of plaintiff's credibility on remand will address this assignment of error.

06                          <u>Step Five Determination</u>

07      The ALJ found that plaintiff was unable to perform his past relevant work as an asphalt

08  truck driver and logger.  Therefore, the ALJ proceeded to determine whether other jobs exist in

09  significant numbers in the national or regional economy that plaintiff can perform, acknowledging

10  that the burden of this showing was the Commissioner's.  (AR 17-18.)

11      The Medical-Vocational Guidelines (or the "grids"), 20 C.F.R. § 404, Appendix 2 to

12  Subpart P, § 200.00, provide Rules utilizing data from the Dictionary of Occupational Titles (DOT)

13  to classify jobs by their exertional and skill levels.  If the findings of fact made by the ALJ as to the

14  claimant's functional capacity are the same as the applicable Rule, the grid is used to decide whether

15  a person is disabled.  20 C.F.R. §§ 404.1569, 416.969.  The ALJ can use the grids to evaluate the

16  disability of a claimant asserting "both exertional and non-exertional limitations", unless the non-

17  exertional limitations are "sufficiently severe" so as to significantly limit the range of work permitted

18  by the exertional limitations.  *Hoopai v. Astrue*, ___ F.3d ___, No. 05-16128, 2007 WL 2410178

19  at *4 (9th Cir. Aug. 27, 2007).  In such an instance, the assistance of a vocational expert is required.

20

21      In considering plaintiff's ability to perform other jobs in the national economy, the ALJ

22  found as follows:

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL
PAGE -10

01   At all times relevant to this decision, the claimant was a "younger person" under the
02   regulations. He has a high school education and some semi-skilled work experience,
     but none of the claimant's skills acquired from prior work would transfer to any work
     that he is now capable of performing.

03
04   In this case, Rule 202.21 [of the grids] applies and would ordinarily direct a finding
     of "not disabled" for someone with the claimant's vocational profile who was capable
     of performing the full range of sedentary work. While claimant's capacity to perform
05   the full range of sedentary work is further diminished by additional, nonexertional
     limitations, I find that these limitations do not significantly erode the number of jobs
06   represented in the occupational base of sedentary work.

07   This conclusion is consistent with the testimony of the vocational expert, who testified
08   at the hearing that a hypothetical individual as described above would be capable of
     making an adjustment to work in the following job: cashier II, DOT #211.462-010,
09   which is light, unskilled work, SVP 2, of which there are 900,000 jobs in the national
     economy and 19,000 in Washington. She explained that, although this job is classified
10   as light work, it is commonly known that a fair percentage of these jobs allow them
     to be performed while sitting, with fingering at an occasional basis. The vocational
11   expert testified that her testimony was otherwise consistent with the Dictionary of
     Occupational Titles and its companion publications. *See* S.S.R. 00-4p.

12   I find this testimony to be reasonable and find that these numbers represent a
13   significant number of jobs. I find that the claimant, likewise, is capable of making [a]
     vocational adjustment to work that exists in significant numbers in the national or
14   regional economy, in the above jobs.

     (AR 18, internal citations omitted.)

15
16          Plaintiff takes issue with the ALJ's conclusion that the limitations on his functional capacity

17   did not significantly erode the occupational base of sedentary work. Specifically, plaintiff argues

18   that the vocational expert's testimony was overly vague in stating that a "fair percentage" of cashier

19   positions are sedentary (as opposed to light) and that "some" cashier positions require occasional

20   fingering and "some" require frequent fingering. Therefore, plaintiff argues, the ALJ's conclusion

21   that he could perform "a significant number" of jobs in the national economy lacked substantial

22   evidence.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL
PAGE -11

01        Plaintiff's contention is well taken.  Although the vocational expert testified that 900,000

02   cashier jobs exist nationally and 19,000 in Washington state (AR 330-332), this number included

03   all cashier jobs, not just the "fair percentage" that allow sitting and the "some" that only require

04   occasional fine manipulation.  The matter should be remanded to obtain clarification from the

05   vocational expert as to the number of cashier jobs available in the national or regional economy that

06   fit plaintiff's RFC.

07        Plaintiff also argues that the ALJ failed to consider vocational aptitude testing that showed

08   his lack of aptitude for cashiering.  The Commissioner correctly points out that the ALJ  is not

09   required to discuss all the evidence presented, so long as she explains why "significant probative

10   evidence has been rejected."  *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citing

11   *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)).  As the vocational expert testified, the skills

12   assessments were not relevant to evaluating aptitude for an unskilled job such as the cashier

13   positions.  (AR 333-34.)

14                                        Conclusion

15        This case is  remanded for further administrative proceedings.  On remand, the ALJ should

16   reassess plaintiff credibility, clarify the consideration of the September 2004 Physical Capacity

17   Evaluation, and obtain sufficiently specific testimony regarding the number of jobs existing in the

18   / / /

19   / / /

20   national or regional economy that plaintiff is capable of performing.

21        DATED this 5th day of October, 2007.

22

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL
PAGE -12

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL
PAGE -13